IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CL H WINDDOWN LLC, et al., | ) | Case No. 21-10527 (JTD) |
| | ) | (Jointly Administered) |
|     Debtors. | ) | |
| | ) | |
| AMANDA SWIFT, as Liquidation Trustee of the CarbonLite Liquidation Trust, | ) ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro No. 23-50126 (JTD) |
| | ) | |
| EMIL HALIMI, | ) | |
| | ) | |
|     Defendant. | ) | **Re:  D.I. Nos. 13 & 14** |

**MEMORANDUM OPINION AND ORDER**

The liquidation trustee of the CarbonLite Liquidation Trust (the "**Trustee**") commenced this adversary proceeding seeking the return of transfers made by debtors CarbonLite Holdings, LLC ("**CLH**") and its affiliates, including CarbonLite P Holdings LLC ("**CLP**") (collectively the "**Debtors**") to an alleged insider, Emil Halimi ("**Halimi**" or "**Defendant**").  Defendant has moved to dismiss on the grounds that the Trustee has failed to allege sufficient facts to establish his insider status (the "**Motion**").[1]

For the reasons set forth below, the Motion is granted.

**JURISDICTION AND VENUE**

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a).

---

[1] D.I. 13 (Motion to Dismiss); D.I. 14 (Opening Brief); D.I. 15 (Answering Brief); D.I. 17 (Reply Brief).

## BACKGROUND

Defendant is a longstanding business associate and friend of the Debtors' CEO, Leon Farahnik ("**Farahnik**"). Both Farahnik and Defendant have been involved in the plastics industry in the Los Angeles area since the late 1970s or early 1980s.[2]

Beginning in the 1990s, Defendant was a director and/or shareholder of a string of businesses founded and/or controlled by Farahnik, including Debtors, and was otherwise part of a trusted group of individuals that were involved in each of these businesses.[3] Defendant and/or Halimi Capital LLC, an entity owned by Defendant, was a shareholder of one or more of the Debtors.[4]

On August 26, 2019, Defendant loaned debtor CLH $1.5 million as memorialized by a promissory note (the "**First Note**"). While some interest payments were made on the First Note, the principal balance remains due and owing.[5]

On February 5, 2020, Defendant loaned debtor CLH $3 million as memorialized by a promissory note (the "**Second Note**"). The Second Note has not been repaid.[6]

On June 12, 2020, Defendant loaned debtor CLP $2.5 million as memorialized by a promissory note (the "**Third Note**") (collectively with the First Note and Second Note, the "**Notes**"). The Third Note was repaid.[7]

---

[2] Amended Complaint ¶¶ 15-16.
[3] *Id.* ¶ 17.
[4] *Id.* ¶ 28.
[5] *Id.* ¶ 34.
[6] *Id.* ¶ 35.
[7] *Id.* ¶ 36.

Between April 9, 2020, and November 3, 2020, Debtors CLH and CLP transferred a total of $2,714,833.34 (collectively the "**Transfers**") to Defendant in satisfaction of amounts owing under the Second and Third Notes.[8]

On March 8, 2021, Debtors filed voluntary chapter 11 petitions. On September 7, 2021, the first amended plan was confirmed and on September 20, 2021, the plan went into effect, establishing the CarbonLite Liquidation Trust (the "**Trust**"). On March 6, 2023, the Trustee commenced these adversary proceedings.

## LEGAL STANDARD

A motion made pursuant to Rule 12(b)(6) challenges the sufficiency of the factual allegations in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In *Ashcroft v. Iqbal*, the Supreme court identified two "working principles" underlying its earlier decision in *Twombly*. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citation omitted). "In other words, a complaint must do more than

---

[8] *Id.* ¶ 37 and Ex. A.

allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## ANALYSIS AND DISCUSSION

### I.  Preference Claim

To state a preference claim, the Trustee must allege facts that, among other things, would establish that the transfer at issue was made either within 90 days of the petition date or, if the creditor was an insider, was made within one year of the petition date. 11 U.S.C. 547(b). As all of the Transfers here occurred outside of the 90-day window, the Trustee can only succeed on this claim if Defendant was an insider.

Under the Bankruptcy Code, "[t]he term 'insider' includes . . . (B) if the debtor is a corporation--(i) director of the debtor; (ii) officer of the debtor; (iii) person in control of the debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; or (vi) relative of a general partner, director, officer, or person in control of the debtor." *In re Winstar Communs., Inc.*, 554 F.3d 382, 395 (3d Cir. 2009) (quoting 11 U.S.C. § 101(31)(B)). "Additionally, in light of Congress's use of the term 'includes' in § 101(31), courts have identified a category of creditors, sometimes called 'non-statutory insiders,' who fall within the definition but outside of any of the enumerated categories." *Id.* While actual control, or its equivalent, is necessary for a person to constitute a statutory insider, "a finding of such control is not necessary for an entity to be a non-statutory insider." *Id.* at 396. Rather, "[f]or a person to be a non-statutory insider, 'there must be a close relationship with the debtor and some evidence, other than the relationship, that the transaction was not conducted at arm's length.'" *Miller v. ANConnect, LLC (In re Our Alchemy, LLC)*, Nos. 16-11596 (KG), 18-50633 (KG),

2019 Bankr. LEXIS 2903, at *18 (Bankr. D. Del. Sep. 16, 2019) (quoting *Burtch v. Opus, LLC (In re Opus East, LLC)*, 528 B.R. 30, 93 (Bankr. D. Del. 2015)).

The Trustee asserts that the Defendant is a non-statutory insider. Accordingly, to survive a motion to dismiss, the Amended Complaint must include allegations sufficient to support inferences of: (1) a close relationship; and (2) transactions that were not at arm's length. I find that the allegations pled fail to support either inference.

The entirety of the allegations in the Amended Complaint regarding the relationship between Defendant and the Debtors are as follows:

- Over the past forty years, Defendant has done business with, was a shareholder of, and/or served as an officer or director of several companies owned or operated by Debtors' CEO

- Defendant and/or Halimi LLC, an entity owned by Defendant, was a shareholder of one or more of the Debtors

- Defendant and/or his immediate family members are involved with and have made donations to the same charitable organizations and schools as the Debtors' CEO

The only conclusion that can be drawn from these allegations is that the parties had (and possibly still have) a longstanding business relationship and are involved in the same charitable activities within their community. That is not enough to support the conclusion that the parties' relationship was a close one.[9]

Ignoring this shortcoming, the Trustee points to the loans themselves, arguing that they are proof of a transaction that was not at arm's length. But again, there are virtually no facts in the Amended Complaint that warrant such an inference. The only facts alleged about the loans

---

[9] While the Trustee points to the fact that Defendant is listed as an insider in the Debtors' Statement of Financial Affairs as proof of insider status, I find it to be irrelevant to the required analysis, which focuses on the nature of the parties' relationship.

are the dates they were made, the amounts, that they were unsecured, and that they largely remain unpaid:

> 34. On or about August 26, 2019, Defendant purportedly loaned, on an unsecured basis, $1,500,000 to CLH ("1st Note"). While certain interest payments were made on the 1st Note, the principal balance remains due and owing.
> 35. On or about February 5, 2020, Defendant purportedly loaned, on an unsecured basis, $3,000,000 to CLH ("2nd Note"). The 2nd Note has not been repaid.
> 36. On or about June 12, 2020, Defendant purportedly loaned, on an unsecured basis, $2,500,000 to CLP ("3rd Note," and together with the 1st Note and 2nd Note, the "Notes"). The 3rd Note was repaid in the year leading up to the Petition Date.[10]

There is nothing within these allegations that would support the conclusion that the loans were not arm's length transactions. While the Trustee cites to cases for the proposition that loans made on inexplicable terms and without due diligence are evidence of a transaction that was not at arm's length, there are no allegations here about either of those things. In fact, there are no allegations whatsoever about the circumstances in which the loans were made. The dearth of facts here makes it impossible to draw any analogy to the cases cited by the Trustee or to make any conclusions at all about the relationship of the parties at the time of the Transfers. While the Trustee is entitled to reasonable inferences, there must be some factual support for such inferences. See *Clear Thinking Group LLC v. Brightstar US, Inc. (In re KCMVNO, Inc.)*, 2010 Bankr. LEXIS 3669, *15 (Bankr. D. Del. 2010) ("The Court reads *Winstar* together with *Iqbal* and *Twombly* to require a plaintiff to plead specific facts, as opposed to conclusory theories, supporting inferences of a close relationship and a lack of arm's length dealings.").

Because the Trustee has not alleged facts sufficient to support a finding that Defendant was an insider, her preference claim fails. Count I of the Amended Complaint is dismissed.

---

[10] Amended Complaint ¶¶ 34-37.

## II. Fraudulent Transfer

Count II of the Amended Complaint asserts a claim for avoidance of a fraudulent transfer pursuant to Section 548 of the Bankruptcy Code. A claim for constructive fraudulent transfer requires a plaintiff to establish that:

(i) The transfers were made within two years of the petition date;
(ii) The debtor received less than reasonably equivalent value in exchange of the transfers; and
(iii) The debtor either (a) was insolvent on the date the transfers were made or became insolvent as a result of the transfers; or (b) was about to engage in business or a transaction for which any property remaining with the debtor was an unreasonably small capital; (c) intended to incur or believed that it would incur debts beyond the debtor's ability to pay; or (d) the debtor made the transfer or incurred the obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1)(B). At the motion to dismiss stage, a claim for constructive fraudulent transfer needs only to plead that there was a transfer for less than reasonably equivalent when the debtors were insolvent. *Beskrone v. Opengate Capital Grp., LLC (In re Pennysaver USA Publ'g, LLC)*, 602 B.R. 256, 266 (Bankr. D. Del. 2019).

Defendant argues that the Trustee cannot establish that the Transfers were made for less than reasonably equivalent value because she has alleged that they were made pursuant to the Notes. I agree. The Trustee has alleged that Debtors made the Transfers "in satisfaction of amounts owing under the 2nd Note and 3rd Note," and has not made any allegations that question the validity of the Notes.[11] "It is well-settled that a 'transfer made in satisfaction of an antecedent debt or for an obligation for which the debtor was liable presumptively constitutes reasonably equivalent value.'" *Burtch v. Salem Inv. Partners, III, LP (In re Parker Sch. Unifs., LLC)*, Nos. 18-10085 (CSS), 19-50770 (CSS), 19-50771 (CSS), 2021 Bankr. LEXIS 2759, at

---

[11] Amended Complaint ¶37.

\*17 (Bankr. D. Del. Oct. 5, 2021). For that reason, the Trustee has failed to state a claim pursuant to Section 548. The Motion is therefore granted with respect to Count II.

### III. Remaining Claims

Counts III and IV of the Amended Complaint are both dependent on the success of the preference and fraudulent transfer claims. See 11 U.S.C. § 502(d); 11 U.S.C. § 550. *See also Our Alchemy*, 2019 WL 4447202, at \*8 (Bankr. D. Del. 2019). As those claims have been dismissed, the remaining claims are dismissed as well.

### IV. Requested Leave to Amend

Finally, the Trustee argues in her opposition brief that "should the Court determine that Plaintiff failed to adequately allege a non-statutory insider claim, it should grant Plaintiff leave to amend her first Amended Complaint to address any inadequacy that the Court identifies."[12] I disagree.

The Trustee was entitled to amend her complaint as a matter of course within the 21 days following Defendant's service of its motion to dismiss. Fed. R. Civ. Proc. 15(a)(1). Indeed, she did so here in response to the Defendant's motion to dismiss the original complaint.[13] Following the Trustee's filing of the Amended Complaint, Defendant again moved to dismiss, but this time the Trustee chose to respond to the Motion instead of further revising the Amended Complaint. Accordingly, leave of court or the consent of the opposing party is now required for further amendment. Fed. R. Civ. Proc. 15(a)(2).

As the Trustee points out, Rule 15(a) provides that "the Court should freely give leave when justice so requires." However, leave must be properly requested. As I have previously held, "[w]here a request for leave to file an amended complaint simply is imbedded within an

---

[12] D.I. 15 (Opposition Brief) at 13.
[13] D.I. 8 (Amended Complaint).

opposition memorandum, the issue has not been raised properly." *In re Our Alchemy, LLC*, 642 B.R. 155, 172 (Bankr. D. Del. 2022) (citations omitted).  As the Third Circuit has explained, "a 'bare request in an opposition to a motion to dismiss — without any indication of the particular grounds on which amendment is sought . . . — does not constitute a motion within the contemplation of Rule 15(a).'" *United States ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) (quoting *Kowal v. MCI Communications Corp.*., 16 F.3d 1271, 1280, 305 U.S. App. D.C. 60 (D.C. Cir. 1994)).  Additionally, the Trustee did not attach a draft amended complaint to her request for leave, "a failure that is fatal to a request for leave to amend." *Id.* (internal quotations omitted).  Leave to further amend the Amended Complaint is therefore denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

For the foregoing reasons, the Motion is GRANTED.

Dated:  September 4, 2023

_____
JOHN T. DORSEY, U.S.B.J.